# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

WILLIAM J. WEBB, JR.,                      :
                                           :
          Plaintiff,               :
                                           :
         v.                             : Civil Action No. 20-1177-RGA
                                           :
DELAWARE DEPARTMENT OF                     :
JUSTICE, et al.,                           :
                                           :
          Defendants.              :

---

William J. Webb, Jr., James T. Vaughn Correctional Center, Smyrna, Delaware.
Pro Se Plaintiff.

## **MEMORANDUM OPINION**

May 26, 2021
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff William J. Webb, Jr., a pretrial detainee at James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.  (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.*  (D.I. 5. 7).  The Court proceeds to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for present purposes.  *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).  Plaintiff was questioned by Defendant Newark Police Officer Morgan LaRue, who had responded to a 911 call.  (D.I. 2 at 8). Plaintiff gave a "truthful" statement that he was assaulted and defended his daughter from further harm.  (*Id*.).  On December 3, 2018 LaRue took photographs of Plaintiff's head and hands.  LaRue later deleted the images to make Plaintiff look guilty and failed to conduct a proper investigation which deprived Plaintiff "the right to be innocent until proven guilty", subjected him to sex discrimination, and caused his false arrest.  (*Id*.).

Defendants City of Newark and Newark Police Department failed to train their police officers against sexual discrimination and to preserve evidence favorable to a suspect, which resulted in his false arrest.  (*Id.* at 9).

On February 11, 2019, Defendant Newark Police Corporal Aaron Olicker responded to a 911 call that reported a stolen car.  Olicker allowed the victim to change

1

her statement, failed to conduct a proper investigation and preserve evidence, resulting in upgraded charges and Plaintiff's false arrest, false imprisonment, and violation of his right to be innocent until proven guilty. (*Id*.). Defendant Newark Police Officer Gregory E. Micolucci approved the upgrade in charges. (*Id*.).

Defendant Delaware Department of Justice failed to train its employees in a number of areas which resulted in Plaintiff's false arrest and false imprisonment without due process and in retaliation for his exercise of constitutional rights. (*Id*. at 10). Excessive bail was imposed based upon defamation of character by Defendant Delaware Deputy Attorney General Renee Hrivnak. (*Id*.).

Plaintiff was transferred to the Delaware Psychiatric Center on August 26, 2019, for a psychological/psychiatric examination. (*Id*.). The Delaware Psychiatric Center failed to train its staff from depriving a patient of adequate mental health care, which in turn deprived Plaintiff of his mental health medications. (*Id*. at 11). Defendant Dr. John Doe filed a fraudulent and false report with Defendant Dr. Douglas S. Roberts with the intent to deprive Plaintiff of adequate mental health care. (*Id*. at 10). Dr. Roberts filed a psychological/psychiatric report knowing it was going to be used in a legal proceeding, which deprived him of adequate mental health care and a misdiagnosis, all in violation of the Americans with Disabilities Act. (*Id*. at 11).

In April 2019, Defendant Delaware Deputy Attorney General Julia C. Mayer "deceitfully led" Judge Smalls to find probable cause on false and tampered evidence in

connection with Plaintiff's criminal history and this deprived Plaintiff of a fair hearing and obstructed justice. (*Id.*).

Finally, all Defendants conspired directly or indirectly with willful and wanton misconduct that has kept, and is keeping, Plaintiff falsely arrested, falsely imprisoned, and is violating his constitutional rights.

Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

**DISCUSSION**

Filed under 42 U.S.C. § 1983, Plaintiff's Complaint alleges various constitutional violations, relating to an arrest without probable cause, false imprisonment, a failure to preserve exculpatory evidence, an incomplete investigation, medical issues related to a psychiatric examination for the criminal matter, and false and tampered evidence. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. To establish § 1983 liability, a plaintiff must prove a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).

The ultimate success of most of Plaintiff's claims requires that he show Defendants lacked probable cause to arrest him. *See*, *e.g.*, *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995) (requiring § 1983 plaintiff to demonstrate a lack of probable cause to prove false arrest claim); *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (requiring § 1983 plaintiff bringing malicious prosecution claim to

show that "the proceeding was initiated without probable cause").  This determination is complicated by the present procedural posture of Plaintiff's criminal prosecution that appears to remain pending and without resolution.  "[I]f a plaintiff files a false arrest claim before he has been convicted[,] it is within the power of the district court, and in accord with common practice to stay the civil action until the criminal case . . . has ended."  *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).  Given the importance of the question of probable cause to the present civil case, the Court will stay these proceedings.  Not doing so would cause the Court to inappropriately "speculate about whether [the] prosecution . . . will result in a conviction, and whether the impending civil action will impugn that verdict. . . ."  *Id*. at 393.

**CONCLUSION**

For the above reasons, the Court will stay this matter pending final resolution of the criminal proceedings that form the basis of this complaint.  Plaintiff will be ordered to update the Court on the status of the pending criminal proceedings in no more than three months.

An appropriate Order will be entered.