**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WILLIAM J. WEBB, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 20-1177-CFC-LDH |
| v. | ) | |
| | ) | |
| AARON OLICKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff William J. Webb, Jr., who is serving a state sentence at the James T. Vaughn

Correctional Center, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 2, D.I. 28).   Pending

before the Court is Defendants' Motion for Summary Judgment. (D.I. 73).   I recommend

GRANTING the motion and directing the Clerk of Court to close this case.

**I.    BACKGROUND**

Plaintiff alleges that he was falsely arrested and imprisoned as a result of allegedly

improper arrests in 2018 and 2019.  He asserts claims under 42 U.S.C. § 1983 including malicious

prosecution, retaliation, sexual discrimination, and discrimination of an indigenous person.  (D.I.

2, D.I. 28).  Although the Court dismissed certain claims and defendants, the Court identified what

appeared to be cognizable and non-frivolous malicious prosecution and false arrest claims against

Defendants Larue, Olicker, and Micolucci and authorized service upon them.  (D.I. 9, D.I. 27).

The Court entered a Scheduling Order (D.I. 66) and discovery is closed.  Defendants now move

for summary judgment. (D.I. 73).

**II.    LEGAL STANDARD**

A party may move for summary judgment under Federal Rule of Civil Procedure

56.  Summary judgment must be granted where "there is no genuine dispute as to any material fact

1

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The burden is on the movant to demonstrate the absence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986).  "An assertion that a fact cannot be—or, alternatively, is—genuinely disputed must be supported either by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials,' or by 'showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.'" *Resop v. Deallie*, No. 15-626-LPS, 2017 WL 3586863, at *2 (D. Del. Aug. 18, 2017) (quoting Fed. R. Civ. P. 56(c)(1)(A), (B)).  A factual dispute is only genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The Court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

## III.     DISCUSSION

Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 484 (1994).  In *Heck*, the Supreme Court recognized that § 1983 actions "are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id*. at 486. Accordingly, a plaintiff seeking to recover damages for an allegedly unconstitutional conviction or imprisonment, or for "other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," must prove "that the conviction . . . has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question" through the issuance of a federal court's writ of habeas corpus. *Heck*, 512 U.S.  486; *see also Ramos-*

2

*Ramirez v. Berwick Borough*, 819 F. App'x 103, 106 (3d Cir. 2020). This so-called "favorable termination" requirement exists to "prevent improper collateral attacks on convictions or sentences through money damages actions." *Garrett v. Murph*y, 17 F.4th 419, 426 (3d Cir. 2021). "Claims for malicious prosecution or false imprisonment arising from the prosecution, arrest, and imprisonment" leading to a plaintiff's conviction are examples of *Heck*-barred claims because success on those claims is contingent on showing unlawful prosecution or imprisonment. *Ortiz v. New Jersey State Police*, 747 F. App'x 73, 77 (3d Cir. 2018).

Here, Plaintiff cannot satisfy the "favorable termination" requirement and show that his prosecution was terminated in his favor. With respect to the 2018 arrest, Plaintiff was charged in the Family Court of the State of Delaware for endangering the welfare, harassment, malicious interference, and offensive touching. (D.I. 73 at 2 n. 7; D.I. 73-1, Ex. B). At trial, he was found guilty of all charges. (D.I. 73-1, Ex. B). With respect to the three 2019 arrests, Plaintiff was charged and ultimately convicted in the Superior Court for the State of Delaware for stalking, act of intimidation, criminal contempt, and breaches of conditions of bond. (D.I. 73-1, Ex. C). The Delaware Supreme Court affirmed those convictions on July 10, 2024. (D.I. 73 at 3 n.8). Thus, Plaintiff's claims are *Heck*-barred as success on them would necessarily imply the invalidity of his underlying conviction. *Fluellen v. Krasn*, C.A. No. 24-3083, 2025 WL 984602, at *2 (3d Cir. Apr. 2, 2025), *cert. denied*, 146 S. Ct. 362 (2025), *reh'g denied*, 146 S. Ct. 1831 (2026). Plaintiff does not address these convictions, the Supreme Court's affirmance thereof, nor the application of the *Heck* doctrine to them. Accordingly, he too has effectively conceded that they are *Heck*-barred.

Instead, Plaintiff maintains that elements of his February 11, 2019 arrest (Criminal Case No. 1902006825) give rise to an actionable malicious prosecution claim because, with respect to certain charges, he was ultimately *nolle prossed*. (D.I. 75). Even I were to agree that entry of *nolle prosequi* could be sufficient to satisfy the "favorable termination" element of malicious

3

prosecution under either federal or Delaware law,[1] Plaintiff does not come forward with any other evidence to substantiate any other element of a malicious prosecution § 1983 claim.  For example, Plaintiff offers no evidence that any of the Defendants arrested him without probable cause and did so with malicious intent.  He has offered no proof of damages. Discovery in this matter has closed.  Thus, Plaintiff has not met his burden at summary judgment.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (explaining that if the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law).

To the extent he seeks to maintain other § 1983 claims at this stage of the litigation, they too fail. Plaintiff has put forth zero evidence to support any claims for retaliation, sexual discrimination, and discrimination of an indigenous person (to the extent he maintained them in this action at all). In his answering brief opposing summary judgment, Plaintiff argues that Defendants "failed to collect and preserve evidence," have "intentionally delet[ed] evidence," and

---

[1] Plaintiff does not differentiate between federal or state law in his submissions.  To establish malicious prosecution under Delaware law, "a plaintiff must show that: (1) there was 'a prior institution or continuation of some regular judicial proceedings against the plaintiff;' (2) the proceedings were initiated by the defendant; (3) the proceedings were terminated in plaintiff's favor; (4) defendant acted with malice in instituting the proceedings; (5) there was a lack of probable cause for the institution of the proceedings; and (6) plaintiff suffered injury of damage as a result of the former proceedings." *Zimmerman v. Int'l Longshoreman's Ass'n Loc. 1694*, C.A. No. 22-01192-JCG, 2024 WL 3104957, at *5 (D. Del. June 24, 2024) (quoting *Glover v. City of Wilmington*, 966 F. Supp. 2d 417, 426 (D. Del. 2013) (Andrews, J.)).  Under Delaware law, entry *of nolle prosequi* is "sufficient to satisfy the element that the proceedings were terminated in the favor of the now-plaintiff." *Zimmerman*, 2024 WL 3104957, at *5 (quoting *Glover*, 966 F. Supp. 2d at 426).

To prevail on a federal malicious prosecution claim, a plaintiff must establish that "(1) the defendant[s] initiated a criminal proceeding; (2) the criminal proceeding ended in [his] favor; (3) the defendant[s] initiated the proceeding without probable cause; (4) the defendant[s] acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) [he] suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Zimmerman v. Corbett*, 873 F.3d 414, 418 (3d Cir. 2017).  "A plaintiff is not required to show that the criminal prosecution ended with some affirmative indication of innocence, but need only show that the criminal prosecution ended without a conviction." *Zimmerman*, 2024 WL 3104957, at *5 (citing *Thompson v. Clark*, 142 S. Ct. 1332, 1341 (2022)).

have acted with "the intent to deprive a federal right." (D.I. 75). Aside from these conclusory arguments, Plaintiff does not address with any specificity what evidence Defendants allegedly fabricated and offers no evidence thereof.[2] Defendants are entitled to summary judgment on Plaintiff's claims.

## IV.    CONCLUSION

For the foregoing reasons, I recommend GRATING Defendants' motion for summary judgment (D.I. 73) and directing the Clerk of Court to close this case.

Objections to this Report and Recommendation may be filed within fourteen (14) days after being served with a copy of the Order and Report and Recommendation. *See* FED. R. CIV. P. 72(a) & (b)(2); *see also* FED. R. CIV. P. 6(d). Objections are limited to seven (7) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights or the right to appellate review. *SeeHenderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017); *United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006–08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, C.A. No. 24-2052, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages. Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court.

---

[2]    To prevail on a § 1983 claim for knowingly falsified evidence, a plaintiff must show "a reasonable likelihood that, absent that fabricated evidence, he would not have been criminally charged," *Black v. Montgomery Cty.*, 835 F.3d 358, 371 (3d Cir. 2016), or convicted, *Halsey v. Pfeiffer*, 750 F.3d 273, 294 (3d Cir. 2014); *see also Ortiz*, 747 F. App'x 77.

Date: July 10, 2026

_____

United States Magistrate Judge

6